THOMAS GURLEY *vs.* WILLIAM LEE.—*June*, 1841.

The general rule is, that the defendant, and not the plaintiff, is responsible to the sheriff, for his poundage fees.

A compromise between plaintiff and defendant, after a levy under a *fi. fa.* does not defeat the sheriff's claim to poundage fees; nor the commitment of the defendant, nor the setting aside of the execution.

Upon an irregular execution, which is the act of the plaintiff, he is answerable for poundage fees, the writ being quashed after a levy.

When an execution is stayed by injunction, the defendant at law is answerable for the poundage fees. So also if entered, not called by consent.

Where upon general demurrer to the whole declaration, the county court rendered judgment upon the *first* count for the defendant, and upon the *second* for the plaintiff, this court reversed the judgment, and entered judgment on the demurrer generally for the plaintiff, though the *first* count was defective.

APPEAL from *Frederick* County Court.

This was an action of trespass upon the case, commenced upon the 17th September 1839, by *Thomas Gurley*, sheriff of *Frederick* county, against the appellee. The declaration set forth a judgment at law against the said *William Lee;* the suing forth of a writ of *fieri facias* thereupon; its delivery to the appellant as sheriff of *Frederick* county; its levy upon the real and personal of the said *Lee* in that county, and the taking possession thereof by the appellant, for the purpose of making the debt due upon said judgment; the appraisement of the property so levied upon; the return thereof to the county court, that the said goods, &c., remained in his hands unsold, because the defendant served a rule on the plaintiff, to show cause why the said writ of *fi. fa.* should not be quashed, which said rule, on the 29th October 1838, was ruled good, and said writ of *fi. fa.*, &c., quashed, whereby the said *William Lee* was justly indebted to the said *Gurley*, in the sum of $589.81, current money, for his risk and services as poundage and other fees, for execution of the writ aforesaid, as sheriff aforesaid, and being so thereof indebted, &c.

The *second* count, was like the first, upon another judgment between the same parties, except, that it showed the further execution of the *fi. fa.* after levy, &c. was enjoined by a writ

of injunction sued out of Chancery, at the complaint of the defendant, the appellee.

The defendant demurred generally to this declaration, and the plaintiff joined issue thereon.

The county court gave judgment for the defendant on the *first* count, and for the plaintiff on the *second* count, and both parties appealed to this court.

The cause was argued before STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, J.

By PALMER and WORTHINGTON for the appellant, and
By F. A. SCHLEY and LYNCH for the appellee.

STEPHEN, J., delivered the opinion of the court.

Nearly forty years have elapsed, since it was decided in the former *General Court*, a judicial tribunal of high respectability, in which the former chief judge of this court then presided, after full argument by counsel of eminence and distinction, that the defendant, and not the plaintiff, was responsible to the sheriff for his poundage fees. We believe that the practice in the State, has been generally, if not universally, conformable to that decision; and after such a long acquiescence in the rule, then judicially asserted and recognized, it would not we think be consistent with the principles of policy or convenience, to to abrogate or annul it, if the reasons for a contrary decision pressed much more heavily than they appear to have done in the present case.

Upon general principles of reason and justice, it would seem to be right and proper, that the defendant, as a general rule, should be responsible to the sheriff for his poundage fees; it is his default and delinquency, which forces the creditor to resort to the tribunals of justice, for the recovery of his debt; and finally to resort to judicial process to reap the fruits of his judgment; and the poundage fees not being considered a part of the costs of the action recovered by the plaintiff, both justice and law would seem to require, that they should be paid by the delinquent defendant. It is not denied in this case, that as both the

writs emanated from a court of competent jurisdiction, the sheriff was bound to execute them, and that having made a seizure of the defendant's property, conformably to their mandate, he is entitled to receive the compensation awarded to him by the law; the only question therefore, which this court has to decide is, whether the plaintiff or the defendant, under the circumstances of this case, is to make that compensation? In 5 *Term Rep.* 470, it is decided in *England,* that if before a sale the plaintiff and defendant settle or compromise, the sheriff is, nevertheless, entitled to his poundage fees; because, by a seizure of the property, he has incurred a risk and responsibility, for which in justice he ought to be paid; so he is entitled on a *capias ad satisfaciendum,* though the defendant go to prison without paying the debt. *Chitty on Contracts,* 173. In the same book and page, it is said, "nor is the claim defeated by the judgment and execution being subsequently set aside. For in such case the sheriff has equally experienced the trouble, and incurred the risk and responsibility, of executing the process directed to him." The execution therefore in this case, if irregular, would not deprive him of his poundage fees. The only question therefore is, by whom are they to be paid? The general rule in this State, at the present day, would seem to be, that they are to be paid by the defendant; but as the execution, which was irregular, must be deemed the act of the plaintiff, he must be chargeable with all the consequences following from such irregularity. We are therefore of opinion, that the plaintiff, and not the defendant, is answerable to the sheriff for his poundage fees upon that execution. But upon the *second* execution, we think the defendant is chargeable. That execution is liable to no legal objection. In issuing it, the plaintiff did nothing more than enforce his legal rights, and if the defendant had an equity to stay the execution, he ought to have availed himself of it at an earlier period. So also where a *ca. sa.* is entered, not called by consent, the defendant, and not the plaintiff, is answerable for the poundage fees. We think however, that the judgment of the court below must be reversed. The principle seems to be settled, that if a declaration contains

several counts, some good, and some bad, and there is a general demurrer to the whole declaration, the judgment must be for the plaintiff. 1 *Chitty Plea.* 576—where it is said, "and this rule equally applies to one count, part of which is sufficient, and the residue is not, when the matters are divisible in their nature; as if a plaintiff declares for taking his money, and also for certain goods, without shewing that the goods were his property, the count will be good as to the money, and if the defendant demur generally to the whole, the plaintiff will have judgment. In this last case, put by way of illustrating the rule, the same principle is recognized. Because the plaintiff recovers upon the ground, that the matters are divisible, and are considered as embraced in separate and distinct counts; but if they were not divisible, the bad would contaminate the good, and render the whole count vicious. We are of opinion therefore, that the judgment of the court below must be reversed, and judgment rendered for the plaintiff on his second count, conformably to the agreement of the parties filed in this case.

JUDGMENT REVERSED.

This court then proceeded to enter final judgment for the plaintiff for an amount agreed to be due under the second count.